O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE BROWN, | ) Case No. EDCV11-1908-CAS (DTB) |
| Plaintiff, | ) ORDER SUMMARILY DISMISSING ACTION |
| vs. | ) |
| ROD HOOPS, et al., | ) |
| Defendants. | ) |

Plaintiff, while a prisoner at the West Valley Detention Center located in Rancho Cucamonga, California, filed this pro se civil rights action on December 8, 2011 after plaintiff was granted leave to proceed without prepayment of the full filing fee. On January 10, 2012, the Court ordered the Complaint to be served. Plaintiff's Notice of Submission of Documents was due on or before February 9, 2012. Plaintiff failed to file his Notice of Submission of Documents nor did he request an extension if time within which to do so.

/ / /

/ / /

/ / /

/ / /

In the meantime, the Court independently reviewed its docket and ascertained that plaintiff had previously filed numerous federal lawsuits, and that in at least four (4) of those prior cases,[1] the Court had dismissed plaintiff's actions on the grounds that the complaint was frivolous, malicious, or failed to state a claim upon which relief may be granted. Specifically, the Court ascertained the following: (1) In <u>Ronnie O'Neal Brown v. Leroy Baca, et al.</u>, CV07-819-CAS (DTB), after plaintiff filed his Third Amended Complaint, the action was dismissed by Judgment dated January 15, 2010, whereby the District Judge adopted the findings of the Report and Recommendation recommending dismissal with prejudice for failure to state a claim; (2) in <u>Ronnie O. Brown v. Dept. Adult Parole Operations, et al.</u>, EDCV08-11-UA (JWJ) plaintiff, while detained at California Institution for Men - Chino, lodged for filing this action. On January 31, 2008, plaintiff was denied in forma pauperis status on the grounds that the claims in the complaint were legally and/or factually patently frivolous; (3) in <u>Ronnie O. Brown v. County of San Bernardino Alternative Defense Panel, et al.</u>, EDCV08-1295-UA (JWJ) plaintiff, while a state prisoner at North Kern State Prison, lodged for filing this action. On October 6, 2008, plaintiff was denied in forma pauperis status on the grounds that the claims in the complaint were legally and/or factually patently frivolous; and (4) in <u>Ronnie O. Brown v. Lee Baca, et al.</u>, CV08-6311-UA (JWJ) plaintiff, also while a state prisoner at North Kern State Prison, lodged for filing this action. On October 3, 2008, plaintiff was denied in forma pauperis status on the grounds that the claims in the complaint were legally and/or factually patently frivolous.

Pursuant to the Prison Litigation Reform Act, a prisoner shall not be authorized pursuant to 28 U.S.C. § 1915(a)(1) to commence an action or proceeding without payment of the full filing fee if such prisoner "has, on 3 or more prior occasions, while

---

[1] Plaintiff, in each of these cases, states his inmate identification number as K89434.

incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

On February 2, 2012, the Court issued an Order to Show Cause ("OSC") ordering plaintiff to show cause as to why the order granting him in forma pauperis status in this matter should not be vacated, and that the action be dismissed without prejudice pending payment of the full filing fee of $350.00, in light of the information regarding plaintiff's prior "strikes" under 28 U.S.C. § 1915(g).

The Court informed plaintiff in the OSC that it had noted that plaintiff had previously filed numerous federal lawsuits, and that, in at least four (4) of these prior cases, the court had dismissed plaintiff's actions on the grounds that the complaints were frivolous, malicious, or failed to state a claim upon which relief may be granted.

On February 13, 2012 plaintiff filed his Response to the OSC wherein he asserted that the "Complaint . . . at p. 6-7, . . . alleged a suicidal [sic] attempt and further denial of medical treatment. Plaintiff asserts 28 U.S.C. § 1915(a) imminent danger standard and [the] record is silent as to show cause why imminent danger wasn't prevalent."

The Court, after reviewing plaintiff's Response, found that plaintiff had failed to show cause as to why his in forma pauperis status in this matter should not be revoked pursuant to §1915(g), as plaintiff has had, on at least four prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous or because it failed to state a claim upon which relief could be granted. The Court found that, contrary to plaintiff's contention, this action did not fall within the exception under § 1915(g) for cases in which a plaintiff alleged to be in imminent danger of serious physical injury. Accordingly, in an order dated February 17, 2012, the Chief District Judge revoked plaintiff's in forma pauperis status, and ordered him to pay the full filing fee of $350.00 on or before February 29, 2012. Plaintiff was admonished that his failure to pay the full $350.00 filing fee by February 29, 2012,

could result in this action being dismissed without prejudice pending payment of the full filing fee.

As plaintiff has failed to pay the full filing fee of $350.00, within the time allotted, the Court hereby DISMISSES this action, without prejudice, pending payment of the full filing fee.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 5, 2012

*Christina A. Snyder*
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

*David T. Bristow*
David T. Bristow
United States Magistrate Judge